IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DERIC JOHNSON | ) | |
| | ) | NO. 09 CV 01614 |
| Plaintiff, | ) | Judge Pallmeyer |
| | ) | |
| v. | ) | MAGISTRATE JUDGE Valdez |
| | ) | |
| CHICAGO POLICE OFFICER OSCAR ARROYO, STAR NO. 10910, Individually and as agent of the CITY OF CHICAGO, CHICAGO POLICE OFFICER BURKE, STAR NO. 8447, Individually and as agent of the CITY OF CHICAGO, CHICAGO POLICE OFFICER ALMAZAN, STAR NO. 5011, Individually and as agent of the CITY OF CHICAGO and CITY OF CHICAGO, a municipal corporation | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7**

Defendant Chicago Police Officers Oscar Arroyo, Michael Burke, and Sidronio Almazan, Jr. ("Defendant Officers"), by one of their attorneys, Mary McCahill, Assistant Corporation Counsel, and Defendant City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, in further support of their proposed Jury Instruction no. 7 and in support of Defendants Proposed Jury Instruction no. 16 state as follows:

The Supreme Court held in Atwater that where there is probable cause to believe that an individual has committed "even a very minor criminal offense," a full custodial arrest of the individual does not violate the Fourth Amendment. Id. If the jury believes that Defendant Officers had probable cause to arrest Plaintiff for violations of the Chicago Municipal Code for

1

failure to display a City vehicle sticker or parking in a tow zone or violation of the Illinois Criminal Code for operating a motor vehicle without insurance, under Atwater, Defendants had probable cause to place Plaintiff under custodial arrest.

Furthermore, Plaintiff's false arrest claim does not turn on which specific offense Plaintiff was arrested for, rather, it turns on whether there was probable cause to arrest Plaintiff for any violation of any law. See Devenpeck v. Alford, 543 U.S. 146 (2004). Devenpeck v. Alford, 543 U.S. 146 (2004) held that there can be no constitutional violation, as long as probable cause to arrest existed for any violation of law, even one that is not closely related to the arrest for which plaintiff was charged. See also Pourghoraishi v. Flying J. Inc., 449 F.3d 751 (7th Cir. 2005)("actual existence of *any* probable cause to arrest prohibits a §1983 suit for false arrest.")

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants, respectfully request this court give the jury Defendants' Proposed Instructions no. 7 and 16.

Respectfully submitted,

/s/ Mary McCahill
MARY MCCAHILL,
Assistant Corporation Counsel

30 N. LaSalle, Ste. 900
Chicago, Illinois 60602
(312) 742-6404
Atty. No. 06277989

2